**11**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 04-1758(DSD/JSM)

Sony Music Entertainment,
Inc., a Delaware corporation;
Elektra Entertainment Group,
Inc., a Delaware corporation;
BMG Music, a New York general
partnership; Warner Bros.
Records, Inc., a Delaware
corporation, UMG Recordings,
Inc., a Delaware corporation;
Atlantic Recording Corporation,
a Delaware corporation; and
Virgin Records America, Inc.,
a California corporation,

        Plaintiffs,

v.

                                     **ORDER**

Does 1-2,

        Defendants.

Felicia J. Boyd, Esq., Kara L. Benson, Esq. and Faegre &
Benson, 2200 Wells Fargo Center, 90 South Seventh Street,
Minneapolis, MN 55402, counsel for plaintiffs.

This matter is before the court upon plaintiffs' ex parte
motion for leave to take immediate discovery. Plaintiffs own
numerous copyrights in sound recordings. They allege that
defendants have infringed some of those copyrights. In the present
motion, plaintiffs seek leave to obtain limited discovery from a
third-party internet service provider ("ISP") to determine the
defendants' true identities. Plaintiffs assert that without this
limited discovery, they will be unable to identify the defendants,

vindicate their rights under the Copyright Act or protect their works from further infringement. For the following reasons, plaintiffs' motion is granted.

## BACKGROUND

Defendants are alleged to have used an online media distribution system to download, copy, distribute and make available for distribution by others many of plaintiffs' copyrighted works. (Whitehead Decl. ¶ 16 & Ex. 1.) Plaintiffs have identified the Doe defendants by the unique Internet Protocol ("IP") addresses assigned to them at the time the alleged infringement occurred. (Id. ¶¶ 12, 16.) Plaintiffs have obtained lists of the sound files which they allege defendants made available to the public for copying and redistribution. (Id. Ex. 1.)

Plaintiffs identify the University of Minnesota as the ISP that provided internet access to the Doe defendants. (Id. ¶¶ 12, 16.) ISPs are capable of matching an IP address to its assigned user through subscriber activity logs. However, such logs are generally kept for a limited period of time. Therefore, plaintiffs seek leave to immediately serve limited discovery requests upon the University of Minnesota via Rule 45 subpoena. See Fed. R. Civ. P.

45. Plaintiffs agree to request only the name, address, telephone number, e-mail address and Media Access Control address of each defendant.

## DISCUSSION

It is well settled in this circuit that plaintiffs may use discovery to identify Doe defendants. See Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). Plaintiffs may seek expedited discovery where good cause is shown. See, e.g., Intermedia Partners SE, Gen. P'ship v. QB Distrib's. L.L.C., 999 F. Supp. 1274, 1278 (D. Minn. 1998) (granting TRO and expedited discovery where plaintiff alleged piracy of cable broadcast programming in violation of the Communications Act of 1934); Tonka Corp. v. Tsaisun, Inc., 1989 WL 29980, at *1 (D. Minn. Nov. 6, 1986) (allowing expedited discovery in copyright action).

In this case, plaintiffs have shown good cause for limited discovery, because they stand to suffer irreparable harm, the information they seek is necessary to further the litigation, it is unavailable by any other means and it may be short lived. Further, the court finds no prejudice to defendants, because plaintiffs may use the information discovered solely for the purpose of protecting their rights under the Copyright Act.

3

**CONCLUSION**

For the reasons stated, **IT IS HEREBY ORDERED** that:

1.  Plaintiffs' motion for leave to take immediate discovery [Docket No. 3] is granted.

2.  Plaintiffs may immediately serve a Rule 45 subpoena on the University of Minnesota to obtain the identity of each defendant.

3.  Plaintiffs may use any information so discovered solely for the purpose of protecting their rights under the Copyright Act.

Dated:  May 4, 2004

                                       s/David S. Doty
                                       David S. Doty, Judge
                                       United States District Court

4

**12**

CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAY 0 3 2004

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

LONDON-SIRE RECORDS INC., et al.,       )
                                         )
            Plaintiffs,                  )
                                         )      Civil Action No.: 7:04CV00208
v.                                       )
                                         )      **ORDER**
                                         )
JOHN DOE,                                )      By: Hon. Glen E. Conrad
                                         )      United States District Judge
            Defendant.                   )
                                         )

This case is before the court on Plaintiffs' Motion for Leave to Take Immediate Discovery. Upon consideration of Plaintiffs' Motion and supporting Memorandum of Law, as well as the declaration of Jonathan Whitehead, it is hereby

ORDERED

that Plaintiffs may initiate immediate discovery prior to the conduct of a Rule 26(f) conference.

The Clerk is directed to send a certified copy of this Order to counsel for all parties.

ENTER: This _____ 3rd _____ day of May, 2004.

_____
United States District Judge

**13**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VIRGIN RECORDS AMERICA, INC.  :
ET AL      :
    Plaintiffs      :     CIVIL ACTION NO.
       :     3-04-cv-701 (JCH)
v.        :
       :
DOES 1 - 3      :
    Defendants      :     APRIL 29, 2004

**ORDER GRANTING PLAINTIFFS'**
**MOTION FOR EXPEDITED DISCOVERY [DKT. NO. 5-1]**

Upon the Motion of plaintiffs for Expedited Discovery, the supporting

Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit thereto,

the court finds there is good cause for expedited discovery, in particular, to preserve

evidence and to identify the defendants for service.

It is therefore ORDERED that:

1.    Plaintiffs may serve immediate discovery on Patriot Media &

Communications ("Patriot") to obtain the identity of Doe defendants 1, 2 and 3 by serving

a Rule 45 subpoena that seeks information sufficient to identify each Doe defendant,

including the name, address, telephone number, e-mail address, and Media Access Control

address for each defendant.

2.    If and when Patriot is served with a subpoena, within five business days

thereof, it shall give notice (notice via email is sufficient) of the subpoena to the subscribers

in question. If Patriot and/or any defendant wishes to move to quash the subpoena, the

party must do so before the return date of the subpoena, which will be 15 business days from the date of service.

3.    If and when Patriot is served with a subpoena, Patriot shall immediately preserve the subpoenaed information in question pending resolution of any timely-filed motion to quash; and

4.    Counsel for plaintiffs shall provide a copy of this Order to Patriot along with the subpoena.

5.    The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court.

IT IS FURTHER ORDERED THAT any information disclosed to plaintiffs in response to the Rule 45 subpoena shall be used by plaintiff solely for the purpose of protecting plaintiffs' rights under the Copyright Act.

SO ORDERED.

Dated at Bridgeport, Connecticut this 29th day of April, 2004.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge

**14**

1  JEFFREY G. KNOWLES (State Bar # 129754)
   JULIA D. GREER (State Bar # 200479)
2  ZUZANA J. SVIHRA (State Bar # 208671)
   COBLENTZ, PATCH, DUFFY & BASS, LLP
3  One Ferry Building, Suite 200
   San Francisco, California 94111
4  Telephone: (415) 391-4800
   Facsimile: (415) 989-1663
5
   Attorneys for Plaintiffs
6  MAVERICK RECORDING CO.; WARNER BROS.
   RECORDS INC.; ARISTA RECORDS, INC.; VIRGIN
7  RECORDS AMERICA, INC.; UMG RECORDINGS, INC.;
   INTERSCOPE RECORDS; BMG MUSIC; SONY MUSIC
8  ENTERTAINMENT INC.; ATLANTIC RECORDING
   CORP.; MOTOWN RECORD COMPANY, L.P.; and
9  CAPITOL RECORDS, INC.

10                 UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13  MAVERICK RECORDING COMPANY, a          CASE NO. C-04-1135 MMC
    California joint venture; WARNER BROS.
14  RECORDS INC., a Delaware corporation;   [PROPOSED] ORDER GRANTING
    ARISTA RECORDS, INC., a Delaware        PLAINTIFFS' MISCELLANEOUS
15  corporation; VIRGIN RECORDS AMERICA,    ADMINISTRATIVE REQUEST FOR
    INC., a California corporation; UMG     LEAVE TO TAKE IMMEDIATE
16  RECORDINGS, INC., a Delaware            DISCOVERY
    corporation; INTERSCOPE RECORDS, a
17  California general partnership; BMG MUSIC,
    a New York general partnership; SONY
18  MUSIC ENTERTAINMENT INC., a
    Delaware corporation; ATLANTIC
19  RECORDING CORPORATION, a Delaware
    corporation; MOTOWN RECORD
20  COMPANY, L.P., a California limited
    partnership; and CAPITOL RECORDS, INC.,
21  a Delaware corporation,

22                 Plaintiffs,

23        vs.

24  DOES 1 - 4,

25                 Defendants.

26

27

28

[PROPOSED] ORDER

1   Upon the Miscellaneous Administrative Request of Plaintiffs For Leave To Take

2   Immediate Discovery, the Declaration of Jonathan Whitehead and the exhibit thereto, Plaintiffs'

3   Request for Judicial Notice, and the Declaration of Zuzana J. Svihra, it is hereby:

4   ORDERED that Plaintiffs may serve immediate discovery on the University of

5   California, Berkeley to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena

6   that seeks information sufficient to identify each Doe Defendant, including the name, address,

7   telephone number, e-mail address, and Media Access Control addresses for each Defendant.

8   IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in

9   response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting

10  Plaintiffs' rights under the Copyright Act.

11  Without such discovery, Plaintiffs cannot identify the Doe Defendants, and thus

12  cannot pursue their lawsuit to protect their copyrighted works from infringement.

13

14  Dated: __April 28, 2004__                    James Larson U.S. Magistrate Judge

15                                              ~~United States District Judge~~

16

17

18

19

20

21

22

23

24

25

26

27

28

COBLENTZ, PATCH, DUFFY & BASS, LLP
One Ferry Building, Suite 200, san francisco, ca 94111-4213
(415) 391-4800  •  (415) 989-1663

2
[PROPOSED] ORDER                                    Case No. C-04-1135 MMC

**15**

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RECEIVED
APR 28 2004
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

MAVERICK RECORDING COMPANY,
a California joint venture; UMG
RECORDINGS, INC., a Delaware
corporation; WARNER BROS. RECORDS
INC., a Delaware corporation; MOTOWN
RECORD COMPANY, L.P., a California
limited partnership; ATLANTIC
RECORDING CORPORATION, a
Delaware corporation; CAPITOL
RECORDS, INC., a Delaware corporation;
VIRGIN RECORDS AMERICA, INC., a
California corporation; BMG MUSIC, a
New York general partnership; and SONY
MUSIC ENTERTAINMENT INC., a
Delaware corporation,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CA 04     149ML

Civil No.

Plaintiffs,

)
)
)

vs.

)
)

DOES 1 - 2,

)
)

Defendants.

)
)

## ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the *Ex Parte* Application of Plaintiffs for Leave to Take Immediate Discovery and the supporting Memorandum of Law, the declaration of Jonathan Whitehead and the exhibit thereto, and Plaintiffs' Request for Judicial Notice it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Brown University to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: _April 27, 2004_

_____
United States District Judge

**16**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LOUD RECORDS, LLC, a Delaware corporation;<br>WARNER BROS. RECORDS INC., a Delaware corporation;<br>VIRGIN RECORDS AMERICA, INC., a California corporation;<br>BMG MUSIC, a New York general partnership;<br>ARISTA RECORDS, INC., a Delaware corporation;<br>ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation;<br>SONY MUSIC ENTERTAINMENT INC., a Delaware corporation;<br>PRIORITY RECORDS LLC, a California limited liability company;<br>UMG RECORDINGS, INC., a Delaware corporation;<br>ATLANTIC RECORDING CORPORATION, a Delaware corporation; and<br>CAPITOL RECORDS, INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>v.<br><br>DOES 1 - 4,<br><br>        Defendants. | Case No.  04-C-289 |

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the Motion of Plaintiffs for Leave to Take Immediate Discovery and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit thereto, it is hereby ORDERED that Plaintiffs may serve immediate discovery on Marquette University to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that

seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated at Milwaukee, Wisconsin, this 22nd day of April, 2004.

SO ORDERED,


s/Rudolph T. Randa
HON. RUDOLPH T. RANDA
Chief Judge

**17**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SONY MUSIC ENTERTAINMENT INC.,  )
et al.,  )
  )
     Plaintiffs,  )
  )
     v.  )     No. 4:04-CV-339 CEJ
  )
DOES 1 - 200,  )
  )
     Defendants.  )

## ORDER

This matter is before the Court on plaintiffs' motion for leave to take immediate discovery. Plaintiffs are record companies who own copyrights in several sound recordings. They seek leave to serve limited discovery upon a third party Internet Service Provider ("ISP") to determine the true identities of the 200 Doe defendants who are being sued for direct copyright infringement. Plaintiffs argue that without this discovery they cannot identify the defendants, and they would be unable to pursue their lawsuit to protect their copyrighted works from infringement.

Defendants are alleged to have used an online media distribution system to download plaintiffs' copyrighted works, to distribute copyrighted works, and/or to make copyrighted works available for distribution to others. Plaintiffs have identified each defendant by a unique Internet Protocol ("IP") address assigned to that defendant on the date and time of the alleged infringing activity. Plaintiffs have made copies of sound recordings each defendant made available for distribution, and have

obtained copies of a more complete list of files that each defendant has made available to the public for distribution. The ISP that provided Internet access to these defendants is Charter Communications, Inc. ("Charter"). Charter is able to match an IP address to a particular subscriber by reviewing its subscriber activity logs. These activity logs are typically retained by the ISP for a limited period of time; therefore, plaintiffs seek immediate discovery before the information is permanently destroyed.

Courts allow discovery to identify Doe defendants. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Valentin v. Dinkins, 121 F.3d 72, 75 (2nd Cir. 1997); Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). Courts will also allow expedited discovery where the party establishes good cause, i.e. the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to responding party. Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002); Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003); Yokohama Tire Corp. v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 613-14 (D. Ariz. 2001). Plaintiffs demonstrate good cause here because they show irreparable harm from infringement, no prejudice to defendants, limited availability of the information sought and the movement forward of the case.

Plaintiffs have shown that they will suffer ongoing irreparable harm by the repeated unauthorized copying of their

-2-

copyrighted material. In addition, the defendants will not be prejudiced because plaintiffs seek contact information only and will use the information for the limited purpose of enforcing their rights under the Copyright Act. Because the information regarding the identity of the IP subscribers is available only for a limited time, the plaintiffs may lose the opportunity to assert their rights if they are not allowed immediate discovery. Plaintiffs are unable to obtain the subscriber names by any other means, and without this information the case cannot proceed.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's motion for leave to take immediate discovery [#3] is **granted**.

**IT IS FURTHER ORDERED** that the plaintiffs may immediately serve a Rule 45 subpoena on Charter Communications, Inc. to obtain the identity of each defendant solely for the purpose of protecting plaintiffs' rights under the Copyright Act.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of April, 2004.

**18**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VIRGIN RECORDS AMERICA, INC.,<br>et al.<br><br>Plaintiffs<br><br>v.<br><br>JOHN DOE,<br><br>Defendant | *<br>*<br>*<br>*<br>*<br>*      Civil No. PJM 04-964<br>*<br>*<br>*<br>*<br>* |

## ORDER

Upon Consideration of Plaintiffs' Motion for Leave to Take Immediate Discovery [Paper No. 4], it is this 19th day of April, 2004,

ORDERED:

1)     Plaintiffs' Motion for Leave to Take Immediate Discovery [Paper No. 4] is GRANTED;

2)     Plaintiffs will be allowed to serve immediate discovery on the University of Maryland to obtain the identity of the John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify said Defendant, including the name, address, telephone number, e-mail address, and Media Access Control address of Defendant;

3)     If and when the University of Maryland is served with a subpoena, it shall give written notice, which can include use of e-mail, to the subscriber in question within five business days. If the University of Maryland and/or Defendant wishes to move to quash the

1

subpoena, the party must do so before the return date of the subpoena, which shall be 25 days from the date of service;

4)    If and when the University of Maryland is served with a subpoena, it shall preserve the subpoenaed information pending resolution of any timely filed motions to quash;

5)    Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act as set forth in the Complaint; and

6)    Plaintiffs shall provide a copy of their Motion for Leave to Take Immediate Discovery and of this Order to the University of Maryland along with the subpoena.


_____/s/_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

2

**19**

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 04-WM-548 (PAC)

FONOVISA, INC.,
CAPITOL RECORDS, INC.,
MAVERICK RECORDING CO.,
LONDON-SIRE RECORDS INC.,
ARISTA RECORDS, INC.,
BMG MUSIC,
INTERSCOPE RECORDS,
PRIORITY RECORDS LLC,
SONY MUSIC ENTERTAINMENT INC.,
VIRGIN RECORDS AMERICA, INC.,
UMG RECORDINGS, INC.,
WARNER BROS. RECORDS INC.,
MOTOWN RECORD COMPANY, L.P.,
ELEKTRA ENTERTAINMENT GROUP INC., and
ATLANTIC RECORDING CORPORATION,

        Plaintiffs,

v.

DOES 1-67,

        Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR – 8 2004

GREGORY C. LANGHAM
CLERK

_____

## ORDER

_____

Miller, J.

        This matter is before me on the Plaintiffs' *Ex Parte* Application for Leave to Take

Immediate Discovery ("Application"), filed March 23, 2004.  Having considered the

Application, Plaintiffs' memorandum of law in support of the Application, and the

Declaration of Jonathan Whitehead, I conclude that the Application should be granted,

as modified below.

        On March 23, 2004, Plaintiffs filed a complaint for copyright infringement against

sixty-seven John Doe defendants ("Defendants"). The complaint alleges that Defendants distributed and/or duplicated copyrighted sound recordings owned or controlled by the Plaintiffs without Plaintiffs' authorization via an online media distribution system in violation of 17 U.S.C. § 501. However, Plaintiffs are only able to identify Defendants with an unique Internet Protocol ("IP") address; they do not know Defendants' names or any other identifying information.

Consequently, Plaintiffs seek permission to obtain immediate discovery from Defendants' Internet Service Provider ("ISP"), Level 3 Communications, LLC ("Level 3"), whose subscriber activity log files would allow Plaintiffs to discover Defendants' identities. Specifically, they wish to serve a subpoena on Level 3 pursuant to Fed. R. Civ. P. 45, seeking each Defendant's true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address.[1]

Under Fed. R. Civ. P. 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless authorized by a court order or agreement of the parties or when otherwise allowed under the Rules of Civil Procedure. A court order allowing expedited discovery will issue only upon a showing of good cause. *Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *Pod-ners, LLC v. Northern Feed & Bean of Lucerne LLC*, 204 F.R.D. 675, 676 (D. Colo. 2002).

Here, Plaintiffs argue that their immediate need of the data in the subscriber

---

[1] A MAC address is the hardware address that uniquely identifies each node, or processing location (such as a computer), of a network. *See* Webopedia, *at* http://www.webopedia.com/TERM/M/MAC_address.html (accessed Apr. 5, 2004).

2

activity logs establishes good cause. They indicate that ISPs such as Level 3 typically keep these logs for brief periods of time before erasing the data they contain. Plaintiffs might never identify the Defendants without obtaining access to the data contained in the logs. *See* Decl. Johnathan Whitehead Supp. *Ex Parte* App., at ¶ 22.

Under these circumstances, Plaintiffs have established good cause. Good cause exists where the evidence sought "may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation." *Qwest,* 213 F.R.D. at 419. *See also Semitool, Inc. v. Tokyo Electron America, Inc.,* 208 F.R.D. 273, 276 (N.D.Cal. 2002) (Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party").

However, given the fact that Plaintiffs' Application was *ex parte*, Plaintiffs should serve a copy of this Order along with the subpoena. Further, Level 3 may move to quash the subpoena within ten days of being served with the subpoena.

Accordingly, it is ORDERED:

1.  Plaintiffs' *Ex parte* Application for Leave to Take Immediate Discovery, filed March 23, 2004, is granted. Plaintiffs may serve a Rule 45 subpoena upon Level 3 Communications, LLC that seeks information sufficient to identify each Defendant's true name, address, telephone number, e-mail address, and Media Access Control address.

2.  Any information disclosed to Plaintiffs in response to the subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights

3

under the Copyright Act as set forth in the Complaint.

3.    Plaintiffs' shall serve Level 3 Communications, LLC with a copy of this

Order along with the subpoena.

4.    If Level 3 Communications, LLC wishes to move to quash the subpoena, it

must do so within ten days of being served with it.

DATED at Denver, Colorado, this _____ day of April, 2004.

BY THE COURT:

Walker D. Miller
United States District Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller


CERTIFICATE OF MAILING

Case No.04-WM-548

Copies of this Order were served by delivery; or depositing the same in the United
States mail, postage prepaid, addressed to the persons listed below:

Richard L. Gabriel
Timothy M. Reynolds
Holme Roberts & Owen LLP
DC Box 7

Magistrate Judge Patricia Coan


Dated:  April 8, 2004

**20**

From:SOBLE & ROWE LLP          734 662 0552          04/12/2004 16:33 #102 P.002/003

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

WARNER BROS. RECORDS INC., a
Delaware corporation; BMG MUSIC, a New
York general partnership; SONY MUSIC
ENTERTAINMENT INC., a Delaware
corporation; MAVERICK RECORDING
COMPANY, a California joint venture; UMG
RECORDINGS, INC., a Delaware corporation;
ELEKTRA ENTERTAINMENT GROUP
INC., a Delaware corporation; INTERSCOPE
RECORDS, a California general partnership;
VIRGIN RECORDS AMERICA, INC., a
California corporation; ATLANTIC
RECORDING CORPORATION, a Delaware
corporation; CAPITOL RECORDS, INC., a
Delaware corporation; and CAPITOL
RECORDS, INC., a Delaware corporation,

Hon. :  Gerald E. Rosen
Case :  04-71058

**FILED**

APR 0 5 2004

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

    Plaintiffs,

    v.

DOES 1 - 9,

    Defendants.

JONATHAN D. ROWE (P35384)
MATTHEW E. KRICHBAUM (P52491)
SOBLE & ROWE, LLP
Attorneys for Plaintiff
221 North Main Street, Suite 200
Ann Arbor, Michigan 48104
(734) 996 5600

## ORDER GRANTING PLAINTIFFS' *EX PARTE* MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the *Ex Parte* Motion of Plaintiffs for Leave to Take Immediate Discovery,
the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit
thereto, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on the University of Michigan to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: _4-5-04_                              **GERALD E. ROSEN**
                                              _____
                                              United States District Judge